**Brad MARESH, Plaintiff and Appellant,**

v.

**Wendell UNVERZAGT, Defendant and Appellee.**

**No. 13161.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided April 22, 1981.

· David J. Stanton, Rapid City, for plaintiff and appellant; Paul A. Mueller, Chamberlain, on the brief.

Brian B. Meyer of Meyer Law Office, Onida, for defendant and appellee; Darla Pollman Rogers of Meyer Law Office, Onida, on the brief.

MORGAN, Justice.

The Sixth Judicial Circuit Court entered judgment in favor of plaintiff-appellant Brad Maresh (appellant), granting him rescission of an oral contract to purchase real property situated in Oacoma, Lyman County, South Dakota. The trial court ordered that appellant recover his $500 down payment, plus interest, from defendant-appellee Wendell Unverzagt (appellee). Appellant appealed, claiming that the trial court erred by granting rescission since the suit was one for deceit and that neither party had ever requested rescission. We affirm.

After retiring, appellant and his wife decided to sell their home in Rapid City, South Dakota, and move to Oacoma. Appellant purchased a double-wide mobile home from Modern Homes in Mitchell, South Dakota, then set out to buy land in Oacoma. He noticed some acceptable land next to his brother-in-law's land. After being told that appellee was the owner of the land, appellant contacted him to see about buying it. Appellee, who lives in Sioux Falls, South Dakota, later met with appellant, and together they viewed the property and discussed its sale. The testimony at trial conflicts as to whether appellee told appellant that he believed the three lots were 25′ wide (appellee's version) or 50′ wide (appellant's version). The agreed-on price, however, was a $500 down payment with a balance of $6,000 to be paid when appellant sold his home in Rapid City. The sale agreement was oral only, and never reduced to writing.

After appellant mailed the down payment to appellee, appellant began construction of a garage on the lots. He had the land excavated, and about the time that the digging began, appellant was notified that he was building on land that was owned by someone other than appellee. Appellant then checked the records and found that appellee did not own the land. Appellee

thereafter perfected title in three 25' lots. The land that appellant thought he was purchasing consisted of six 25' lots, not three 50' lots, so even though there was no conflict as to how many lots appellant was buying, appellant thought he was receiving all of the land that he viewed, not merely half of it.

Appellant then filed an action in deceit against appellee to recover actual damages, punitive damages, costs, and other and further relief as seemed justified to the trial court. Appellee answered, but did not counterclaim for specific performance of the oral contract.

The case was tried to the court. At the end of appellant's case, appellee made a motion that the complaint be dismissed because appellant had failed to meet all of the elements necessary to prove fraud or deceit. The trial court said:

It's the view of the Court that the evidence presented by the plaintiff does not show fraud; however, it does show at least a mutual mistake as to the size of the lots dealt for. And therefore, the plaintiff would be entitled to at least some recovery, and the motion is therefore denied.

Neither party took exception to this, and the trial proceeded with appellee presenting his case.

At the conclusion of the trial, the trial court held from the bench as follows:

I guess the first thing to say, I guess this case illustrates the wisdom of the statute of frauds, which provides in order to buy or sell real estate, the agreements should be in writing. [SDCL 53–8–2(3).]

It's the view of the Court that there was a mutual mistake between the parties as to whether the Lots 1, 2 and 3 were 50 foot lots or 25 foot lots. It further appears that there has been no written agreement between the parties, and it's the decision of the Court, therefore, that the plaintiff is entitled to judgment against the defendant for the amount of money paid him, in the amount of $500, plus his taxable costs in this action. It's the finding of the Court

that the plaintiff has failed to establish the necessary elements of fraud, and it's the further judgment of the Court that there is no legal basis for the award of any consequential damages for the reason that there was a sufficient question at the time that the parties were dealing as to whether these lots were 25 foot or 50 foot, that any reasonable person would have made—would have ascertained the true facts before incurring additional expense.

The trial court signed and filed findings of fact and conclusions of law and entered judgment. Appellant appealed to this court, and appellee did not file a notice of review.

This court's scope of review is to determine if, in light of the presumption that the trial court is correct, appellant has proven the trial court's findings of fact and conclusions of law to be "clearly erroneous." SDCL 15–6–52(a); *Pudwill v. Brown,* 294 N.W.2d 790 (S.D.1980); *Cuka v. Jamesville Hutterian Mut. Soc.,* 294 N.W.2d 419 (S.D. 1980).

Appellant claims that the trial court erred in allowing him rescission because that remedy was never pleaded, and that the trial court incorrectly found the contract void under the statute of frauds since appellee did not plead it as an affirmative defense.

■ With respect to appellant's first argument, we hold that under the circumstances, pleadings, and evidence of this case, the trial court acted properly in disposing of the matter on the equitable side of the court. See SDCL 16–6–8. Suffice it to say at this point that while the complaint sounded in tort for deceit, the prayer for relief also prayed for "such other and further relief as to the Court seem[s] just." Assuming that the trial court was correct in its determination that there was insufficient evidence of fraud to sustain the action for deceit, what would appellant have the trial court do, simply hold against him on his principal cause of action? That would leave appellant in the position of starting

another action to recover his down payment, or appellee may have started an action for the balance due on the contract. It appears to us that the decision of the trial court was most favorable to appellant and most prejudicial to appellee, so we fail to see what appellant has to complain about. Appellee was apparently satisfied inasmuch as he did not seek review and has thereby waived any objection he might have to the decision.

We next review appellant's complaint that the trial court incorrectly found the contract void under the statute of frauds and failed to enter findings of fact and conclusions of law as to his action for deceit. A careful review of the record discloses that the trial court's comments and findings and conclusions regarding the statute of frauds are harmless error at best, inasmuch as the trial court's decision granting rescission was based on findings of fact which supported conclusions of law that the contract was entered into as a result of mutual mistake.

The trial court affirmatively found, in substance: (1) The parties entered into a contract for the sale of Lots 1, 2, and 3, Block 19, Seaman's Addition to the City of Oacoma; (2) mutual mistake existed as to the size of the lots; and (3) the entire transaction constituted a mutual mistake as to the size of the lots. Upon these findings, the trial court then concluded as a matter of law, in substance: (1) The contract entered into was entered into as a result of mutual mistake by the parties as to the size of the lots; and (2) as a result of the mutual mistake, the contract warranted rescission pursuant to SDCL 53–11–2(1), and appellant was entitled to the return of his $500 down payment together with costs.

We agree with appellant that the trial court failed to make affirmative findings of fact and conclusions of law with respect to his action for deceit. We hold, however, that the affirmative findings and conclusions with respect to mutual mistake clearly and impliedly negate findings and conclusions consistent with the theory of the action for deceit. Appellant's proposed findings and conclusions, which supported his deceit theory, were rejected by the trial court, and we are left with a firm conviction that the appellant's theory of action was not overlooked by the trial court.

Accordingly, we affirm.

All the Justices concur.